Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2021 08:07 AM CDT

Richard Walters, appellant, v.
Scott Frakes et al., appellees.

___ N.W.2d ___

Filed April 13, 2021.    No. A-19-532.

supplemental opinion

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

F. Matthew Aerni, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith for appellees.

Pirtle, Chief Judge, and Bishop and Welch, Judges.

Per Curiam.

This case is before us on a motion for rehearing filed by the appellee, State of Nebraska, concerning our opinion in *Walters v. Frakes*, 29 Neb. App. 315, 953 N.W.2d 831 (2021). We overrule the motion, but we modify the opinion as follows.

In the analysis section of the opinion under the heading "1. Jurisdiction," and the subheading "(b) Application of § 81-8,219(1)," the sixth paragraph is withdrawn and substituted with the following:

Because we hold that the standard of care announced in *Goodenow v. State*, 259 Neb. 375, 610 N.W.2d 19 (2000), is properly reflective of the standard of care owed by the prison guards to Walters in these circumstances, we disagree with the Appellees' contention that

Walters failed to properly plead his claim against DCS by failing to articulate a "community standard" of care. In short, Walters alleged that the DCS' prison guards breached their duty by failing to immediately report his medical complaints to prison medical staff following his disclosures to them. That pleading created a fact issue for the trier of fact under the standard of care by prison officials to inmates articulated in *Reiber v. County of Gage*, 303 Neb. 325, 928 N.W.2d 916 (2019), and *Goodenow, supra*, as set forth previously. In this case, the district court determined that Walters failed to meet his burden of proof.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.